IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENNING BALTHROPE, II,

    Plaintiff,                                     No. 2:09-cv-1013 FCD JFM PS

    vs.

GARCIELA GARCIA-MITCHELL, et al.,

    Defendants.                               <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges, *inter alia*, defendants violated his Fourth and Fourteenth Amendment rights by abusing their authority under color of state law, providing false reports with malice, libel and slander, disregarding plaintiff's and his child's rights, and intentionally and negligently inflicting emotional distress. Plaintiff also alleges defendant Counties failed to adequately train or supervise their employees.

Plaintiff's complaint states a claim under the Fourteenth Amendment. The Substantive Due Process Clause of the Fourteenth Amendment protects the fundamental liberty interest of parents in the care, custody, and management of their children. Santosky v. Kramer, 455 U.S. 745, 753 (1982). Indeed, "the constitutional right of parents and children to live together without governmental interference is clearly established." Mabe v. San Bernardino County, Dept. of Public Soc. Services, 237 F.3d 1101, 1107 (9th Cir.2001); see also Ram v. Rubin, 118 F.3d 1306, 1311 (9th Cir.1997).

However, plaintiff's Fourth Amendment claim is barred as a matter of law because a parent cannot sue for an alleged violation of the Fourth Amendment on behalf of his minor children. The Fourth Amendment protects against unreasonable searches and seizures. Id. However,

> [w]hile a person has standing to challenge the seizure of his or her own person, Moreno v. Baca, 400 F.3d 1152, 1166 (9th Cir. 2005), a person does not have standing to vicariously assert the Fourth Amendment rights of another person. Moreland [v. Las Vegas Metro, 159 F.3d [365], 369.

Osborne v. County of Riverside, 385 F.Supp.2d 1048 (C.D. Cal. 2005). In Wallis v. Spencer, 202 F.3d 1126, 1137 (9th Cir. 2000) (as amended), the Circuit addressed parents' and children's claims that the children in that case were unlawfully seized and removed from their parents' custody. Id. The Court recognized that the "claims of the parents in this regard should properly be assessed under the Fourteenth Amendment standard for interference with the right to family association." Id. at 1137 n.8. Moreover, "[b]ecause only the children were subjected to a seizure, their claims should properly be assessed under the Fourth Amendment." Id. Because plaintiff is pressing his own claims, defendants will not be required to respond to plaintiff's allegations under the Fourth Amendment.

The complaint states a cognizable claim for relief under the Fourteenth Amendment. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed April 15, 2009.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

| | |
|---|---|
| 1 | a. One completed summons; |
| 2 | b. One completed USM-285 form for the following defendants: |
| 3 | Social Worker Garciela Garcia-Mitchell, Social |
| 4 | Worker Supervisor Nick Zamorano, County of |
| 5 | Sacramento and Sacramento County Department of |
| 6 | Health and Human Services; and |
| 7 | c. Five copies of the endorsed complaint filed April 15, 2009. |

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without prepayment of costs.

5. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: May 26, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001;balthrope.1

```
1
2
3
4                        IN THE UNITED STATES DISTRICT COURT
5                       FOR THE EASTERN DISTRICT OF CALIFORNIA
   ROBERT BENNING BALTHROPE, II,
6              Plaintiff,                      No. 2:09-cv-1013 FCD JFM PS
         vs.
7  GARCIELA GARCIA-MITCHELL, et al.,           NOTICE OF SUBMISSION
               Defendants.                     OF DOCUMENTS
8  _____/
           Plaintiff hereby submits the following documents in compliance with the court's
9  order filed _____:
                   _____    completed summons form
10                 _____    completed USM-285 forms
                   _____    copies of the April 15, 2009 complaint
11
12 DATED:
13
14                                             _____
                                               Plaintiff
15
```

5