IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENNING BALTHROPE, II,

    Plaintiff,                    No. 2:09-cv-1013 FCD JFM PS

    vs.

GARCIELA GARCIA-MITCHELL, et al.,

                           ORDER AND

    Defendants.          FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is proceeding in this action pro se. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        On July 9, 2009, plaintiff filed a civil rights complaint in Case No. 2:09-cv-1874 FCD KJM PS.[1] Plaintiff included a notice that the new action is related to the instant action, Case No. 2:09-cv-1013 FCD JFM PS. On July 24, 2009, Judge Mueller issued findings and recommendations recommending that the action be dismissed based on the following findings:

> In the application to proceed in forma pauperis, plaintiff avers under penalty of perjury that he has no income because all his income is tied up in bankruptcy. This statement is plainly contradicted by the statement of current monthly income filed in plaintiff's bankruptcy action. See case no. 07-25631, Bankruptcy

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

1      Court, E. D. Cal., docket no. 38 (amended plan).  Under 28 U.S.C.
§ 1915(2)(A), this action should be dismissed.

    Plaintiff has not listed his present causes of action as an asset in the
bankruptcy petition.  See case no. 07-25631, Bankruptcy Court, E.
D. Cal., docket no. 1 (petition and schedules), docket no. 40
(amended schedules).  As plaintiff has not yet been discharged
from bankruptcy, plaintiff's present claims are the property of the
bankrupt estate and, absent an abandonment, may only be
prosecuted by the trustee in bankruptcy.  There is no indication on
the bankruptcy docket that these claims have been abandoned.

    Plaintiff has taken inconsistent positions in his bankruptcy action
and in the present action.  The court thus finds plaintiff is barred by
the doctrine of judicial estoppel from pursuing his present claims
against defendants.  See generally Hamilton v. State Farm Fire &
Casualty Company, 270 F.3d 778, 784-85 (9th Cir. 2001).

(July 24, 2009 Order and Findings and Recommendations, Case No. 09-cv-1874 FCD KJM PS at 1-2.)

        A review of the in forma pauperis affidavit submitted by plaintiff in the instant action reveals that plaintiff stated he "does not have any take home money due to everything tied into the Chapter 13 Bankruptcy Plan."  (Id. at 1.)  Plaintiff also failed to list the instant cause of action as an asset in the bankruptcy petition.

        Accordingly, the rationale for dismissal explained by Judge Mueller in Case No. 09-cv-1874 FCD KJM PS, set forth above, also applies to this action.  The court will recommend that plaintiff's in forma pauperis status be revoked, and this action be dismissed.  In addition, the court will vacate its June 26, 2009 order to the U.S. Marshal and direct the U.S. Marshal to suspend its efforts to serve process on defendants herein.

        Accordingly, IT IS HEREBY ORDERED that:

        1. The Clerk of Court shall serve a copy of these findings and recommendations on:

        a. The Clerk of the Bankruptcy Court for the Eastern District of California for filing in case no. 07-25631;

          b. The trustee in bankruptcy, Lawrence J. Loheit, P.O. Box 1858, Sacramento, CA 95812-1858; and

          c. The United States Marshal.

2. This court's June 26, 2009 order is vacated.

3. The United States Marshal is directed to suspend its efforts to serve process on defendants herein.

IT IS HEREBY RECOMMENDED that:

4. Petitioner's in forma pauperis status be revoked; and

5. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 27, 2009

UNITED STATES MAGISTRATE JUDGE

001; balthrope.56