IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENNING BALTHROPE, II,

    Plaintiff,                    No. 2:09-cv-1013 FCD JFM PS

  vs.

GARCIELA GARCIA-MITCHELL,       <u>MEMORANDUM & ORDER</u>
et al.,

    Defendants.
_____/

----oo0oo----

On August 31, 2009, plaintiff Robert Benning Balthrope II ("plaintiff") filed a motion for reconsideration of the court's order dismissing his complaint. Plaintiff contends that the court erred in concluding that his claim was precluded by the failure to include it as an asset in his Chapter 13 bankruptcy proceeding. (Plaintiff's Motion for Reconsideration ("Pl.'s MFR"), 2:5-8.) For the reasons set forth below,[1] the court holds

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1  that plaintiff's claim is the property of the bankruptcy estate
2  and, therefore, plaintiff is estopped from bringing this action
3  because he failed to list the claim as an asset.

**BACKGROUND**

The court adopts the factual and procedural background set forth by the magistrate judge in his findings and recommendations.  (See Findings and Recommendations, filed July 28, 2009.)

**STANDARD**

Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law.  See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Because plaintiff has not presented the court with any new evidence or claimed that there has been an intervening change in the controlling law, plaintiff's motion can only be granted if the court committed clear error or the initial decision was manifestly unjust.

**ANALYSIS**

Judicial estoppel is an equitable doctrine, invoked by a court at its discretion, that precludes a party from gaining an advantage by asserting one position and then later seeking an advantage by taking a clearly inconsistent position.  Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 782 (9th Cir. 2001) (citations omitted); Russel v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990).  The Supreme Court has listed three factors that

courts may consider in determining whether to apply the doctrine of judicial estoppel: 1) whether a party's position is "clearly inconsistent" with its earlier position, 2) whether the first court accepted the party's earlier position, and 3) whether the party seeking to assert an inconsistent position would derive an unfair advantage if not estopped.  New Hampshire v. Maine, 532 U.S. 742 (2001).

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."  Hamilton, 270 F.3d at 783 (citing Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992)).  In Hamilton, the Ninth Circuit affirmed the District Court's determination that the plaintiff's claim against his insurance company was barred by judicial estoppel because the plaintiff had failed to list the claim as an asset in his Chapter 7 bankruptcy schedule.  Id. at 785.  The court noted that this failure "deceived the bankruptcy court," and therefore, the court "must invoke judicial estoppel to protect the integrity of the bankruptcy process."  Id. (quoting In re Coastal Plains, 179 F.3d 197 (5th Cir. 1999) (discussing the continuing duty to disclose in Chapter 11 bankruptcy proceedings).

Section 541(a)(1) of the Bankruptcy Code provides that at the time of commencement of the bankruptcy proceeding, the bankruptcy estate includes "all legal or equitable interests of the debtor."  11 U.S.C. 541(a)(1).  This "includ[es] causes of action belonging to the debtor at the commencement of the bankruptcy case."  Kane v. Nat'l Union Fire. Ins. Co., 535 F.3d

3

380, 385 (5th Cir. 2008) (per curiam).  In Chapter 13, the bankruptcy estate also includes claims which are acquired "after the commencement of the case but before the case is closed, dismissed, or converted."  11 U.S.C. 1306(a)(1).  Therefore, the Bankruptcy Code subjects debtors to a "continuing duty to disclose all pending and potential claims."  Kane, 535 F.3d at 384-85; Hamilton, 270 F.3d at 785 ("The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding."); see In re Coastal Plains, 179 F.3d at 207-08.  "*[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all their assets*."  Hamilton, 270 F.3d at 785 (quoting In re Coastal Plains, 179 F.3d at 208) (emphasis in original).  "The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding."  Id.

The facts and events upon which plaintiff's claim are based occurred on or around August 8, 2005.  (Pl.'s First Amended Complaint ("Compl.") ¶ 1.)  Plaintiff initially filed a voluntary petition for Chapter 13 bankruptcy on July 20, 2007, and did not list this claim as an asset.  (See Case No. 07-25631, Bankruptcy Court, E.D. Cal., [Docket No. 1] ("Chapter 13 Voluntary Petition")).  Plaintiff filed amended bankruptcy schedules and an amended bankruptcy plan on May 7, 2008; this claim was not listed as a potential asset in any of these documents.  (See Case No. 07-25631, Bankruptcy Court, E.D. Cal., [Docket Nos. 38, 40] ("Amended Plan" and "Amended Schedules").

1    Like Hamilton, plaintiff has clearly asserted inconsistent
2 positions by failing to include a cause of action in his
3 bankruptcy filings and subsequently attempting to sue on that
4 claim outside of the bankruptcy proceeding.  See Hamilton, 270
5 F.3d at 784.  The bankruptcy court accepted plaintiff's assertion
6 that he did not have any causes of action when it granted an
7 order modifying plaintiff's Chapter 13 plan on August 15, 2008.
8 (See Case No. 07-25631, Bankruptcy Court, E.D. Cal., [Docket No.
9 54] ("Order Modifying/Amending Chapter 13 Plan")).  Even if
10 plaintiff did not learn of the facts leading to the cause of
11 action until August 8, 2008, as asserted in his complaint, he had
12 a duty to disclose the cause of action as an asset in his
13 bankruptcy proceeding once he became aware of the claim.  (Compl.
14 ¶ 1.)  He has failed to do so.[2]

15    The court notes that plaintiff has not filed an amended
16 schedule or converted his bankruptcy since allegedly becoming
17 aware of the cause of action.  Cf. Hamilton, 270 F.3d 778; In re
18 Coastal Plains, Inc., 179 F.3d 197; Burnes v. Pemco Aeroplex,
19 Inc., 291 F.3d 1282 (11th Cir. 2002); Caviness v. England, 2007
20 WL 1302522 (E.D. Cal. May 3, 2007); Young v. Town of Greenwood,
21 2009 WL 1924192 (W.D. La. June 26, 2009).  However, regardless of
22 whether plaintiff amended the petition without including the
23 cause of action or whether he simply failed to amend once aware
24 of the claim, the continuing duty to disclose, which is necessary

---

[2] At present, plaintiff's bankruptcy proceeding has not been closed, dismissed, or converted and the property of the bankruptcy estate has not been revested in plaintiff.  (See Case No. 07-25631, Bankruptcy Court, E.D. Cal., [Docket No. 54] (Order Modifying/Amending Chapter 13 Plan).

5

to the integrity of the bankruptcy system, prevents him from proceeding on a cause of action which is the property of the bankruptcy estate.  See Hamilton, 270 F.3d at 784 ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." (citation omitted)).  By allowing the bankruptcy court to adopt plaintiff's amended schedule that failed to include all known claims and then attempting to pursue the present cause of action, plaintiff has "deceived the bankruptcy court."  Hamilton, 270 F.3d at 785.  As such, plaintiff must be barred from prosecuting his present claim through the doctrine of judicial estoppel.

Therefore, plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: February 1, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE